

# NUMBER 13-12-00461-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAMSON LOYNACHAN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 213th District Court
## of Tarrant County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Samson Loynachan appeals from a conviction for murder in which the jury assessed punishment at life in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 19.02 (West 2011). Determining that there are no errors warranting reversal that can be legitimately supported by the record, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the

appeal.   We affirm the judgment of the trial court.[1]

## I.   COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, Loynachan's counsel filed a brief stating that, after a review of the record, he found no non-frivolous grounds for appeal in this case. *See* 386 U.S. 738, 744–45 (1967).   Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no meritorious grounds for advancing an appeal.   *See In re Schulman*, 252 S.W.3d 403, 407 n. 9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n. 3 (Tex. Crim. App.1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Loynachan's appellate counsel has carefully discussed why, under controlling authority, an appeal from the judgment is without merit and frivolous because he has found no grounds upon which an appeal can be based.   Counsel specifically noted that he reviewed the following potential issues:   (1) whether the charge allowed the jury to reach a verdict based on a non-unanimous verdict; (2) whether the court should have granted Loynachan's motion for a new attorney based on his stated conflict with trial counsel; (3) whether the evidence was legally sufficient to support the jury's finding of guilt; (4) whether the court should have granted Loynachan's motion to suppress his

---

[1] This case is before the Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

correspondence with the child's mother who was arguably acting as an agent of the state; and (5) whether Loynachan's trial lawyer provided effective assistance. Counsel then explained why these potential issues are without merit.

Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the *Anders* brief and his motion to withdraw as counsel on Loynachan, and (3) informing Loynachan of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n. 3; *see also In re Schulman*, 252 S.W.3d at 409 n. 23. Loynachan filed a pro se response identifying the following issues which he believes we should consider in deciding whether the case presents any meritorious issues: (1) did the trial court violate due process or abuse its discretion when it denied Loynachan "a hearing where constitutional rights were being complained of," including his right to a speedy trial?; (2) "[w]hat method of measurement can be used to determine if Const[ional] rights are being violated without a hearing, regarding pro se motions"?; (3) "[d]id the trial court abuse its discretion in effectively continuing [the] trial date at the request of the State contrary to Chapter 29 TCCP? Was this a due process violation?"; (4) "[w]as the rescission and re-setting of the ordered special setting, at the whim of the State, abuse of process?"; (5) "[a]re the culpable mental states of recklessness and criminal negligence (in TPC 19.04 & 19.05) subsumed by 'the act' in 19.02 (b)(3) if the equivalence of 19.04 or 19.05 is 'clearly

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

dangerous' as suggested by [the] Appellate Attorney?"; (6) "[i]s 19.02(b)(3) a proper alternative to 19.04 or 19.05 when the individual who dies is under 14?"; (7) "[i]s the purpose of 19.02(b)(3) to enhance <u>clearly dangerous</u> manslaughter or criminally negligent homocide [sic]?"; (8) was it "error under TCCP 36.14 to instruct the jury on 22.04 when nothing less than death occurred" and resulted in egregious harm; and (9) did trial counsel or appellate counsel provide Loynachan ineffective assistance?

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record, which consists of a reporter's record of nine volumes, including exhibits, and a clerk's record of two volumes, counsel's *Anders* brief, and Loynachan's eighty-two page, handwritten pro se response, and we have found nothing that would arguably support an appeal.[3]  *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of

---

[3] Although Loynachan's attempt at a direct appeal has been unsuccessful, he is not without a potential remedy.  Challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001); *Ex parte Torres*, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997).  An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *see Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("This Court has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus."); *see also Ex parte Miller*, 330 S.W.3d 610, 623 (Tex. Crim. App. 2009) ("To obtain relief in the form of a new direct appeal on a claim of ineffective assistance of appellate counsel, applicant must show that '(1) counsel's decision not to raise a particular point of error was objectively unreasonable, and (2) there is a reasonable probability that, but for counsel's failure to raise that particular issue, he would have prevailed on appeal.'") (internal citations omitted); *Ex parte Santana*, 227 S.W.3d 700, 704–05 (Tex. Crim. App. 2007).

Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n. 17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw carried with the case on May 16, 2013. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Loynachan and to advise Loynachan of his right to pursue a petition for review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n. 35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 19th
day of December, 2013.

---

[4] No substitute counsel will be appointed. Should appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.